# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

DR. VAUGHN WHITTAKER,

         Plaintiff,      5:19-cv-00227 (BKS/ATB)

v.

UNIVERSITY SURGICAL ASSOCIATES, LLP,
STATE UNIVERSITY OF NEW YORK COLLEGE OF
MEDICINE, and THE RESEARCH FOUNDATION OF
THE STATE UNIVERSITY OF NEW YORK,

         Defendants.

---

**Appearances:**

*For Plaintiff:*
Matthew J. Blit
Levine & Blit, PLLC
350 Fifth Avenue, Suite 4020
New York, NY 10118

*For Defendant University Surgical Associates, LLP:*
Robert C. Whitaker, Jr.
Emily A. Middlebrook
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

*For Defendant State University of New York College of Medicine:*
Letitia James
Attorney General of the State of New York
Melissa A. Latino
Assistant Attorney General
The Capitol
Albany, NY 12224

*For Defendant The Research Foundation for the State University of New York:*
Allison Gottlieb
The Research Foundation for SUNY
35 State Street
Albany, NY 12207

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff Dr. Vaughn Whittaker brings this action against Defendants University Surgical Associates, LLP ("USA"), The Research Foundation for the State University of New York ("RF"), and the State University of New York College of Medicine ("SUNY"). He alleges discrimination based on his race, color, and sex, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") (First, Second, Third, Fourth, Sixth, and Seventh Causes of Action); age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA") and the Older Worker Benefit Protection Act ("OWBPA") (Fifth Cause of Action); and breach of contract (Eighth Cause of Action). (Dkt. No. 1). Presently before the Court are Defendants' partial motions to dismiss Plaintiff's age discrimination claim (Fifth Cause of Action). Defendant SUNY seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on sovereign immunity (Dkt. No. 23-1, at 4–5). All of the defendants, including SUNY, seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. Nos. 18, 23, 25). Plaintiff consents to the dismissal. (Dkt. Nos. 32–34). Defendant RF also requests the Court award fees and costs associated with the dismissal of Plaintiff's Fifth Cause of Action. For the reasons that follow, Defendants' motions to dismiss are granted and Defendant RF's request for fees is denied.

## II. FACTS[1]

Plaintiff is a forty-six-year-old black male physician. (Dkt. No. 1, ¶ 3). Plaintiff began his employment with Defendants in January 2014. (*Id*. ¶ 16). Plaintiff's employment was terminated on August 9, 2017. (*Id*. ¶¶ 20, 26, 34).

On August 7, 2017, before terminating Plaintiff, Defendant USA provided Plaintiff with a severance agreement and "demanded" that he sign it. (*Id*. ¶ 29). The agreement provided that Plaintiff would resign from USA and release USA of all liabilities. (*Id*.). Plaintiff was told that if he did not sign the severance agreement by August 9, 2017 at 9 a.m., he would be terminated for cause. (*Id*. ¶¶ 30, 33). Plaintiff had "no more than approximately forty (40) hours to consider the proposed severance agreement, rather than twenty-one (21) days." (*Id*. ¶ 33) (emphasis omitted). Plaintiff did not sign the agreement and was terminated after the deadline to do so had expired. (*Id*. ¶ 34). He "was subsequently notified that his positions with [SUNY and RF] were terminated, as well." (*Id*.)

## III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court

---

[1] The facts are taken from the Complaint. (Dkt. No. 1). The Court will assume the truth of, and draw reasonable inferences from, those well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## IV. DISCUSSION

### A. Age Discrimination Claim (Fifth Cause of Action)

#### 1. Dismissal for Lack of Subject Matter Jurisdiction

SUNY argues that "as a state agency, [it] has sovereign immunity" from Plaintiff's age discrimination claim so it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Under the Eleventh Amendment, states and their agencies have sovereign immunity unless it is waived by the state or validly abrogated by Congress. *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). In this case, Plaintiff did not contest SUNY's assertion that it is a state agency for the purposes of the Eleventh Amendment. Furthermore, "the ADEA does not validly abrogate the States' sovereign immunity." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92 (2000). As such, the Court dismisses Plaintiff's age discrimination claim under the ADEA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

#### 2. Dismissal for Failure to State a Claim

Plaintiff alleges that Defendants subjected him to "unlawful discrimination in the terms and conditions of the proposed severance agreement because of his age," in violation of the ADEA and OWBPA. (Dkt. No. 1, ¶¶ 73–80). Specifically, Plaintiff claims that under the OWBPA, he "was entitled to twenty-one (21) days to review the proposed severance agreement and an opportunity to revoke the agreement if signed," but that "Defendants did not give Plaintiff this required time or the option to revoke." (*Id.* ¶ 76).[2]

---

[2] Plaintiff's age discrimination claim appears to be based entirely on the alleged OWBPA violation. There are no allegations that Defendants discriminated against Plaintiff based on his age.

Defendants move to dismiss this cause of action, (Dkt. Nos. 18, 23, 25), on the ground that the OWBPA does not create a private right of action. (Dkt. No. 18-1, at 6–9; Dkt. No. 23-1, at 6–8; Dkt. No. 25-1, at 8–9). The OWBPA imposes "specific requirements for releases covering ADEA claims." *Ridinger v. Dow Jones & Co. Inc.*, 651 F.3d 309, 313 (2d Cir. 2011) (quoting *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 424 (1998)); *see* 29 U.S.C. § 626(f). The OWBPA requires that a waiver of ADEA rights be "knowing and voluntary." 29 U.S.C. § 626(f)(1). And a waiver does not meet this standard "unless at a minimum . . . the individual is given a period of at least 21 days within which to consider the agreement." 29 U.S.C. §626(f)(1)(F)(i). Waivers that do not meet these statutory requirements are unenforceable. *Powell v. Omnicom*, 497 F.3d 124, 131 (2d Cir. 2007). Here, there was no such waiver: Plaintiff did not sign the severance agreement. (Dkt. No. 1, ¶ 34).

Plaintiff has not identified any basis for an age discrimination claim. Courts in the Second Circuit have consistently held that "alleged violations of OWBPA's waiver provisions . . . do not give rise to an independent claim under the ADEA." *E.E.O.C. v. UBS Brinson, Inc.*, No. 02-cv-3745, 2003 WL 133235, at *6, 2003 U.S. Dist. LEXIS 570, at *26 (S.D.N.Y. Jan. 15, 2003); *see also Grays v. SDH Educ. W., LCC*, No. 16-cv-666, 2017 WL 2240227, at *5, 2017 U.S. Dist. LEXIS 54690, at *13 (S.D.N.Y. Mar. 23, 2017) ("OWBPA does not establish a cause of action for age discrimination."); *Kourofsky v. Genencor Int'l, Inc.*, 459 F. Supp. 2d 206, 215 (W.D.N.Y. 2006) ("[T]here is no right of action under OWBPA . . . Although plaintiffs are correct that the releases which they signed do not bar this lawsuit, that is not a proper basis for a separate cause of action."). Plaintiff in fact consents to the dismissal of his age discrimination claim. (Dkt. Nos. 32, at 3; 33, at 3; 34, at 3). Plaintiff offered to dismiss this claim with

prejudice, and has not opposed the Defendants' request that dismissal be with prejudice. Accordingly, this claim is dismissed with prejudice.

**B.     Attorney's Fees**

For the first time in its reply, Defendant RF requests "an award of fees and costs, and other relief the Court deems just and proper" in connection to its motion to dismiss. (Dkt. No. 39, at 5). According to RF, the Court should impose costs and fees because Plaintiff's age discrimination claim was frivolous. (*Id*. at 3).

"The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs need not be considered." *Gonzales v. Agway Energy Servs., LLC*, No. 518-cv-235, 2019 WL 910669, at *2, 2019 U.S. Dist. LEXIS 28922, at *6 (N.D.N.Y. Feb. 25, 2019) (citing *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007)). This is because, in part, the opposing party "may not have an adequate opportunity to respond." *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001). As such, the Court declines to award costs and fees based on Defendant RF's request in its reply brief.[3]

**V.     CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendants' motions to dismiss, (Dkt. Nos. 18, 23, 25), are **GRANTED**; and it is further

---

[3] In any event the Court would deny the request. To the extent that its request can be considered a request under Rule 11 of the Federal Rules of Civil Procedure, it is improper. Under Rule 11, "a motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). While a court may impose sanctions under its inherent power, to do so the court "must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). That standard is plainly not met here.

**ORDERED** that Plaintiff's Fifth Cause of Action is **DISMISSED** under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as to SUNY; and it is further

**ORDERED** that Plaintiff's Fifth Cause of Action is **DISMISSED with prejudice** as to the remaining Defendants; and it is further

**ORDERED** that Defendant RF's request for costs and fees, (Dkt. No. 39, at 5), is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 7, 2019
       Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge